IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-03155-WYD-BNB

GONJI SKYFIRE,

        Plaintiff,

v.

SERVICESOURCE, INC.,

        Defendant.

## STIPULATED PROTECTIVE ORDER

The Court has considered the Joint Motion for Entry of Stipulated Protective Order. Upon a showing of good cause in support of the entry of this Protective Order, the Court GRANTS said Motion. Thus, pursuant to Fed. R. Civ. P. 26(c), to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS HEREBY ORDERED:

    1.    To address certain types of confidential information and documents this Protective Order covers, the parties have agreed to designate certain information as "CONFIDENTIAL" and limit disclosure accordingly. This Protective Order shall apply to documents, materials, and information disclosed pursuant to disclosure or discovery duties the Federal Rules of Civil Procedure create, whether obtained through discovery, by subpoena or by any other means. This includes, without limitation, documents produced, answers to

interrogatories, responses to requests for admission, deposition testimony, and other information. As used in this Stipulated Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34.  A draft or non-identical copy is a separate document within the meaning of this term.

2. "CONFIDENTIAL" documents, materials and information include, without limitation, all documents, answers to interrogatories, responses to requests for admissions, appropriate portions thereof or other responses to discovery requests, which, if disclosed, would compromise the legitimate privacy interests of any party, or that constitutes a trade secret or other confidential research, development, or commercial information.

3. A party shall mark or designate as "CONFIDENTIAL" any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom which, after one of the lawyers for the Stipulating Parties in this case reviews, that lawyer designates as confidential based on a good faith belief that the information is indeed confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c) (hereinafter collectively referred to as "Confidential Information").

4. The lawyer for the party designating any information as "CONFIDENTIAL" will make that designation in the following manner:

    a. By imprinting the word "CONFIDENTIAL" on the first each page of any document or group of documents produced;

    b. By imprinting the word "CONFIDENTIAL" next to or above any response to a discovery request;

    c. For information produced by either Party prior to this case (in proceedings

        before the EEOC, for example), by giving written notice to opposing counsel designating such portions as "CONFIDENTIAL;"

d.     With respect to transcribed testimony (other than transcribed deposition testimony described in paragraph six below), by giving written notice to opposing counsel designating such portions as "CONFIDENTIAL;" and

e.     With respect to documents any third party to this action provides, by giving written notice to opposing counsel designating such portions as "CONFIDENTIAL."

f.     Counsel for plaintiff hereby designates any and all records and information defendant obtains from medical providers for which plaintiff executes a release of medical information as "CONFIDENTIAL," to be held by and used by defendant in accordance with the terms of this Stipulated Protective Order.

5.     All Confidential Information shall be subject to the following restrictions:

a.     It shall be used only for the purpose of this litigation, and may not be used as a basis for any other action, claim, or protest without first obtaining permission of this Court or the designating party, and may not be used for any business or other purpose whatsoever;

b.     It shall not be communicated or disclosed by any party's counsel or a party in any manner, either directly or indirectly, without the consent of the party designating it, or further order of the Court except that such information may be disclosed to:

    (1)     Attorneys who are actively working on this case;

(2) Persons employed, contracted to or associated with the attorneys actively working on the case whose assistance is required by said attorneys in preparation for trial, at trial, or at other proceedings in this case;

(3) The parties;

(4) Expert witnesses and consultants retained in connection with this case, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case;

(5) The Court in this case and its employees ("court personnel");

(6) Stenographic reporters or videographers who are engaged in proceedings necessarily incident to the conduct of this case;

(7) Deponents;

(8) Witnesses and potential witnesses;

(9) Other persons by written agreement of the parties;

(10) The Confidential Information's author, addressee, or anyone who received the information prior to this case being filed; and

(11) Any person who is the subject of the Confidential Information.

6. Confidential Information disclosed during a deposition may be designated "CONFIDENTIAL" and shall be subject to the provisions of this Stipulated Protective Order. Such designation shall be made on the record during the deposition, whenever possible, but a party may designate all or any portion of a

       deposition as "CONFIDENTIAL" after transcription, provided written notice of the designation is given promptly to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

7. Prior to disclosing any Confidential Information to any person listed above (other than counsel, persons employed by counsel, court personnel, stenographic reporters, videographers, and the parties), a party shall provide such person with a copy of this Stipulated Protective Order and obtain from such person a signed acknowledgement in the form set forth in Exhibit A, attached hereto, prior to the receipt of any confidential documents or information, stating that he or she has read this Stipulated Protective Order and agrees to be bound by its provisions. All such acknowledgements shall be retained by counsel until the conclusion of this litigation or as may otherwise be ordered by the Court.  The Court may direct disclosing counsel to produce any such acknowledgement at any time upon a showing of good cause, and all such acknowledgments shall be subject to in camera review by the Court, upon a showing of good cause.  No person who has received Confidential Information after signing an acknowledgement shall photocopy or otherwise reproduce or retain any facsimile, summary, or synopsis of any Confidential Information other than for use solely for the purposes of this litigation. Individuals authorized to review Confidential Information pursuant to this Protective Order also shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to

        any other person, entity or government agency unless court order authorizes them to do so.

8. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation. Such copies shall be made and used solely for purposes of this litigation. During this litigation, counsel shall retain custody of Confidential Information, and copies made therfrom.

9. A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as "CONFIDENTIAL" to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as "CONFIDENTIAL" under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as "CONFIDENTIAL" and shall not thereafter be treated as "CONFIDENTIAL" in accordance with this Stipulated Protective Order. In connection with a motion filed under this provision, the party designating the information as "CONFIDENTIAL" shall bear the burden of establishing that

      good cause exists for the disputed information to be treated as "CONFIDENTIAL."

10. **Motions to file documents under seal must comply with the requirements of D.C.COLO.LCivR 7.2.** ~~Documents designated as "CONFIDENTIAL," which are sought to be filed with the Court, should be filed in accordance with D.C.COLO.LCivR 7.2.~~

11. ~~Unless otherwise agreed, in writing, by the parties or ordered by the Court, all proceedings in this case that relate to Confidential Information shall be subject to the provisions of this Stipulated Protective Order.~~

12. Within 120 days of the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof that have been designated as "CONFIDENTIAL" shall be returned to the designating party, or the parties may elect to destroy "CONFIDENTIAL" documents. Where the parties agree to destroy Confidential Information, the destroying party shall provide all parties with an affidavit confirming the destruction.

13. Upon termination of this litigation, including any appeals, each Party's counsel shall immediately return to the producing party all Confidential Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made therefrom, or shall destroy such information. If a Party chooses destruction of the Confidential Information, the Party shall promptly provide a written certification stating that it has complied with this

        paragraph. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

14. By agreeing to the entry of this Stipulated Protective Order, the Stipulating Parties adopt no position as to the authenticity or admissibility of documents produced.

15. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion addressing how Confidential Information shall be treated at trial.

16. This Stipulated Protective Order is entered pursuant to Fed. R. Civ. P. 26(c). The protections afforded pursuant to this Stipulated Protective Order are continuing. No Confidential Information shall be disclosed in violation of this Stipulated Protective Order either during or after this litigation.

17. This Protective Order may be modified by the Court at any time for good cause showing following notice to all parties and an opportunity for them to be heard.

Dated July 27, 2011.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

PROTECTIVE ORDER TENDERED
FOR REVIEW:

s/Rhonda Rhodes
Marisa Williams
Rhonda Rhodes
WILLIAMS & RHODES LLP
7887 East Belleview Ave, Suite 1100
Englewood, CO 80111
303.220.0303
rrhodes@williamsandrhodes.com

Attorneys for Plaintiff

s/Shella B. Neba
Shella B. Neba
Matthew J. Rita
FORD & HARRISON LLP
1675 Broadway, Ste. 2150
Denver, CO 80202
303.592.8860
Sneba@fordandharrison.com
Mrita@fordharrison.com

Attorneys for Defendant
ServiceSource, Inc.