IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-03155-WYD-BNB

GONJI SKYFIRE,

Plaintiff,

v.

SERVICESOURCE, INC., and
SERVICESOURCE NETWORK,

Defendants.
_____

**ORDER**
_____

This matter arises on the following:

(1)   **Defendant ServiceSource, Inc.'s Motion to Compel** [Doc. # 81, filed 12/2/2011] (the "Motion to Compel");

(2)   **Defendant ServiceSource, Inc.'s Motion to Restrict Access to Certain Documents Pursuant to D.C.COLO.LCivR 7.2** [Doc. # 86, filed 12/9/2011] (the "Motion to Restrict Access"); and

(3)   **Plaintiff's Motion to Strike Defendant ServiceSource, Inc.'s Motion to Restrict Access to Certain Documents Pursuant to D.C.COLO.LCivR 7.2** [Doc. # 92, filed 12/14/2011] (the "Motion to Strike").

I held a hearing on the motions this morning and made rulings on the record, which are incorporated here.

I.

The Motion to Compel [Doc. # 81] seeks to compel responses to three production requests. The requests seek relevant information or information likely to lead to the discovery of admissible evidence, and the requested documents are discoverable. The plaintiff's objection is that ServiceSource has served more than the 25 production requests permitted under the Scheduling Order. I disagree. I find that each of the disputed requests is a single request for production of documents, and that ServiceSource has not exceeded the permitted 25 requests.

II.

The Motion to Restrict Access [Doc. # 86] was filed by mistake, and the Motion to Strike [Doc. # 92] is unnecessary.

I have entered a protective order in this case. Stipulated Protective Order [Doc. # 43]. The protective order permits a party to mark as confidential documents that are subject to the "legitimate privacy interests of any party, or that constitute[] a trade secret or other confidential research, development, or commercial information." Id. at ¶2.

I am informed that ServiceSource produced 530 pages of documents and marked 438 of them as confidential pursuant to the protective order. Motion to Strike [Doc. # 92] at ¶5. As the protective order permits, the plaintiff challenged ServiceSource's designation of many of the documents as confidential, and the parties were unable to resolve their differences in a conference pursuant to D.C.COLO.LCivR 7.1A. Thereafter, instead of filing "an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of [the] Protective Order," as the protective order provides, Stipulated Protective Order [Doc. #43] at ¶9, ServiceSource filed the Motion to Restrict Access, invoking

D.C.COLO.LCivR 7.2 and attaching copies of 273 pages of documents which it had designated as confidential.

The challenge mechanism in a blanket protective order, like that contained in paragraph 9 of the Stipulated Protective Order, and a motion to restrict access under D.C.COLO.LCivR 7.2 serve different purposes. The challenge mechanism is intended to afford the parties the opportunity to determine whether documents marked as confidential may be publicly disclosed or, alternatively, whether their distribution is restricted for use only in connection with the associated lawsuit. Motions invoking the challenge mechanism are rarely filed because once a party has access to a document for use in the lawsuit, whether that document may be disclosed publicly rarely is sufficiently important to justify the expense of the briefing and hearing associated with challenging a designation. When motions are filed invoking the challenge mechanism, the challenged documents normally are not filed with the motion but, instead, are described generally in sufficient detail so as to allow a ruling.

Motions for restricted access, by contrast, are filed when confidential documents must be filed with the court, usually as exhibits to motions for summary judgment or the like. In these instances, the document must be filed with the court so that its contents may be considered in connection with the underlying motion. Motions for restricted access usually address a relatively small number of documents which have been attached as exhibits to the underlying motion, and should not number in the hundreds of pages.

The documents attached to the Motion to Limit Access are not necessary for the consideration of any underlying motion, and were filed in error. The documents should remain

sealed.[1] However, my review indicates that the documents are not confidential ,may be publicly disclosed by the parties, and their use need not be limited to the purposes of this lawsuit.

III.

IT IS ORDERED:

(1) The Motion to Compel [Doc. # 81] is GRANTED. The plaintiff shall produce documents responsive to Production Requests 16, 17, and 18 on or before **January 6, 2012**;

(2) The Motion to Restrict Access [Doc. # 86] is GRANTED to require that access to the documents attached to Doc. Nos. 87 and 89 be subject to a Level 1 restriction, but is DENIED insofar as ServiceSource requests that the documents be determined to be confidential under the Stipulated Protective Order; and

(3) The Motion to Strike [Doc. # 92] is DENIED as moot in view of my ruling on the Motion to Restrict Access.

Dated December 19, 2011.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[1] The documents must remain sealed because, in addition to being filed in connection with a mistake, some contain personal identifying information, including birth dates and Social Security numbers, that have not been redacted.